**Outlook**

## RE: Follow-up re Ethan Acevedo

**From** Timothy Cho <Timothy.Cho@cityofchicago.org>
**Date** Fri 5/3/2024 3:30 PM
**To** Robin Rubrecht <rrubrecht@mauckbaker.com>

Counsel,
I've reviewed the video and unfortunately the best individuals to testify as to the noise level would be the officers on scene. Additionally, this video does not capture the entirety of the event and is later captured going across the street. I would defer to the officers who made the charge to prove it up for trial. Unless you would like to send a mitigation package, our original offer would stand and if rejected we will proceed to trial. Thank you.

Regards,
Tim Cho

**From:** Robin Rubrecht <rrubrecht@mauckbaker.com>
**Sent:** Friday, May 3, 2024 11:44 AM
**To:** Timothy Cho <Timothy.Cho@cityofchicago.org>
**Subject:** Follow-up re Ethan Acevedo

[Warning: External email]

Dear Mr. Cho,

Have you had opportunity to view the footage or read the witness statement?
Please give me a call if you'd like to discuss further.

Regards,

*Robin Rubrecht*

Associate Attorney

Mauck & Baker, LLC

One North LaSalle Street, Suite 3150

Chicago, IL 60602

Direct: (312) 726-2093

Office: (312) 726-1243

**From:** Robin Rubrecht
**Sent:** Wednesday, April 24, 2024 6:25 PM
**To:** timothy.cho@cityofchicago.org
**Subject:** Ethan Acevedo

Dear Mr. Cho,

Thank you for speaking with me on the phone this morning. Your offer of 5 hours' community service would be quite generous, but only if Ethan really were guilty of what was charged. As I said, we hope the City will agree to dismiss both the noise charge and the disorderly charge.

In the [linked video](), you can see my client's interaction with the officers beginning at the 5:30 mark. Mr. Acevedo's wife was present at the time and later gave a witness statement to the police (PDF attached to this email).

Regarding the disorderly charge:  [8-4-010]() concerns disobeying orders by police "under circumstances where it is reasonable to believe that the order is necessary to allow public safety officials to address a situation that threatens the public health, safety, or welfare." You can see in the video that there is no "situation that threatens the public health, safety, or welfare" leading up to the moment of Ethan's arrest.

And as for the alleged noise ordinance violation, the standard in [8-32-070]() is that amplified sound can't be "louder than average conversational level at a distance of 100 feet or more, measured vertically or horizontally, from the source." Don't you agree it would be unfair to charge Ethan for this absent some kind of objective evidence like from a decibel meter?

Please spare him the indignity of pleading guilty when he is innocent, or the expense of trial.


*Robin Rubrecht*

Associate Attorney

Mauck & Baker, LLC

One North LaSalle Street, Suite 3150

Chicago, IL 60602

Direct: (312) 726-2093

Office: (312) 726-1243