IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ETHAN ACEVEDO, <br><br> Plaintiff, <br> v. <br><br> TOMASZ ZATORA, et al., <br><br> Defendants. | Case No. 1:24−cv−12654 <br><br> Honorable Georgia N Alexakis |

**PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY**

Plaintiff Ethan Acevedo, by and through his attorneys, Mauck & Baker, LLC, respectfully moves this Court to enter an Order granting certain limited and expedited discovery from both Defendants.

## INTRODUCTION

1. The Court already has most of the facts it needs to decide Plaintiff's Motion for Injunctive and Declaratory Relief (Dkt. 4) by way of the Motion itself, its exhibits, and Plaintiff's Complaint (Dkt. 1).

2. However, Plaintiff does not control access to information bearing on the likelihood of Defendants' repeating the conduct against Plaintiff which makes a preliminary injunction necessary.

3. Accordingly, Plaintiff needs this Court's order under FED. R. CIV. P. 26(d) to authorize limited early discovery for that information.

## ARGUMENT

4. Rule 26(d) "allows for discovery before the parties have conferred, as required

1

by Rule 26(f), when authorized by a court order." *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). District courts have wide discretion in managing the discovery process. *Id.*

5. Where expedited discovery is sought to prepare for a preliminary injunction hearing, district courts have been encouraged to apply the test outlined in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000). *See Ibarra*, 816 F. Supp. 2d at 554. Under the *Merill Lynch* test, courts are "to evaluate a motion for expedited discovery 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Id.* (quoting *Merrill Lynch*, 194 F.R.D. at 624).

6. Reasonableness may be evaluated by the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Ibarra*, 816 F. Supp. 2d at 554.

**Breadth of Discovery Requests**

7. The scope of the desired discovery here is limited to evidence of why the police arrested Plaintiff for use of amplification despite their knowledge that limited amplification was allowed by ordinance, and to policies concerning CPD officers' enforcement action decisions for expressive conduct near the location where Plaintiff was arrested.

**Purpose for Requesting Expedited Discovery**

8. Plaintiff seeks expedited discovery in order to examine evidence bearing on the

likelihood the Defendants will again arrest Ethan for the same conduct, namely speaking over an amplifier at 1201 N. LaSalle Drive within the ordinance-prescribed volume limits *without a permit*.

### The Burden on the Defendants

9. The discovery sought by Plaintiff encompasses three (3) requests for production of documents, two (2) depositions, and one (1) request to admit. The burden of such discovery is relatively minimal compared to full discovery, and it is proportional to the benefit of assisting the court in deciding the motion for preliminary injunction, restoring Plaintiff's freedom of speech and potentially bringing this litigation to a faster resolution.

### How Far in Advance of Typical Discovery the Request Is Made

10. The beginning of typical discovery is not yet on the horizon, and the parties are not due to file their first joint status report until February 13, 2025. Dkt 18.

11. Thus, because the Plaintiff continues to suffer irreparable harm, and because typical discovery is likely more than a month away, limited expedited discovery is necessary to bring potentially relevant facts to light within a timeframe that will help the Court in its decision whether to grant or deny the Plaintiff's Motion for Preliminary Injunction.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ethan Acevedo respectfully requests that this Court enter an order authorizing Plaintiff to issue the following discovery requests:

  A. Requests to Produce Documents:

      i. Any policies, guidelines, or memoranda of the CITY OF CHICAGO,

including the CHICAGO POLICE DEPARTMENT, over the last two (2) years concerning protests, literature distribution, voice amplification, or noise near abortion providers in Chicago;

    ii. Any communications to or from the CITY OF CHICAGO, including police reports, concerning ETHAN ACEVEDO.

    iii. All police body-worn camera footage recorded on March 30, 2024, from each officer who was present at or near 1200 N. LaSalle Drive between 8:50 a.m. and 11:00 a.m.;

B. Notice of Deposition to Defendant Sgt. Tomasz Zatora (☆ 1125)

C. Notice of Deposition to City of Chicago Police Department employee Ofc. Wadell Hardy III (☆ 12385) as fact witness to Plaintiff's arrest;

D. Request to admit that CHI., ILL., CODE § 8-32-070 permits a speaker to use voice amplification without a permit at 1201 N. LaSalle Drive, subject to the volume limitations in that ordinance.

    Respectfully submitted
    ETHAN ACEVEDO,

    By: /s/ *Robin Rubrecht*
    One of his attorneys

John W. Mauck (1797328)
Robin J. Rubrecht (6340970)
**MAUCK & BAKER, LLC**
1 N. LaSalle St. Suite 3150
Chicago, IL 60602
312-726-1243
jmauck@mauckbaker.com
rrubrecht@mauckbaker.com
Attorneys for Plaintiff