# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ETHAN ACEVEDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 24 C 12654 |
| | ) |
| SERGEANT TOMASZ ZATORA, in his individual capacity, and the CITY OF CHICAGO, an Illinois municipal corporation, | ) Hon. Georgia Alexakis |
| | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY

Defendants City of Chicago and Chicago Police Department ("CPD") Sergeant Tomasz Zatora submit this response in opposition to Plaintiff Ethan Acevedo's motion for limited expedited discovery. In support, defendants state the following.

## BACKGROUND

Acevedo alleges that defendants violated his constitutional rights and rights under the Illinois Religious Freedom Restoration Act ("IRFRA"), 775 Ill. Stat. Comp. 35/1 *et seq.* Dkt. 1. Last March, Acevedo, with others, protested the healthcare services offered at the Planned Parenthood clinic at La Salle Drive and Division Street by passing out leaflets and voicing their objections. Dkt. 1, ¶¶ 26-28; *see generally* Dkts. 1-2, 1-3. Acevedo used an amplifier on the public way to project his voice. Dkt. 1, ¶ 32; Dkt. 1-2 at 3:19. Sergeant Zatora heard the amplifier from across the busy intersection and told Acevedo to stop. *See* Dkt. 1, ¶¶ 40, 42; Dkt. 1-6; *see also* Dkt. 25 at 4-5 (videos cited therein). Acevedo refused and was cited for violating the City's sound amplification ordinance, Municipal Code of Chicago, Ill. ("MCC") § 8-32-070, and disorderly conduct ordinance, MCC § 8-4-010(e). Dkt. 1, ¶¶ 50, 51; *see also* Dkt. 25 at 5-6

(videos cited therein). Along with his verified complaint, Acevedo moved for preliminary declaratory and injunctive relief, seeking a declaration that reaffirms what MCC § 8-32-070's plain terms state and an order enjoining defendants from not following the ordinance. Dkt. 4.

The motion for preliminary declaratory and injunctive relief relied entirely on the verified complaint, which is in turn based on "body-worn camera . . . footage" of the incident leading to Acevedo's arrest at La Salle Drive and Division Street. Dkt. 1, ¶ 22. The motion confirmed that "[t]he footage speaks for itself, allowing the Court to base its decision on direct, contemporaneous evidence." Dkt. 4, ¶ 18. Ten days after filing his motion, during a presentment hearing, Acevedo's counsel first suggested that he needed expedited discovery (of unspecified information) from defendants; the Court set a deadline for him to file a motion. Dkt. 18.

Acevedo's motion for limited expedited discovery again confirmed that "[t]he Court already has most of the facts it needs to decide Plaintiff's Motion for Injunctive and Declaratory Relief (Dkt. 4) by way of the Motion, its exhibits, and Plaintiff's Complaint (Dkt. 1)." Dkt. 19 at 1. But he argued that he needed "information bearing on the likelihood of Defendants' repeating the conduct against Plaintiff." *Id.* To that end, Acevedo seeks to issue several requests to produce documents, notices of depositions, and a request to admit. *Id.* He seeks policies, guidelines, or memoranda related to "protests, literature distribution, voice amplification, or noise near abortion providers in Chicago"; "communications to or from the CITY OF CHICAGO, including police reports, concerning ETHAN ACEVEDO"; and "[a]ll police body-worn camera footage recorded on [the morning of the incident leading to his arrest]." Dkt. 19 at 3-4. Acevedo also wants to depose Sergeant Zatora and CPD Officer Wadell Hardy III, who was present for Acevedo's arrest. *Id.* at 4. Last, Acevedo seeks an admission from defendants "that CHI., ILL., CODE § 8-32-070 permits a speaker to use voice amplification without a permit at 1201 N. LaSalle Drive, subject to the volume limitations in that ordinance." *Id.*

2

Defendants filed a response to Acevedo's motion for preliminary prospective relief, arguing that Acevedo had not established that Sergeant Zatora or the City improperly enforced MCC § 8-32-070, let alone violated a constitutional right or IRFRA. Dkt. 25. Accordingly, Acevedo's request for preliminary prospective relief failed because (1) the requested "follow the law" injunction was so broad and vague that it violated Rule 65(d); (2) he lacked standing to seek prospective relief because he did not and could not show a past injury to his constitutional or IRFRA rights and thus could not show that his rights were likely to be violated in the future; and (3) he failed to show a likelihood of success on the merits of showing a past violation of his rights, nor he could not meet the other preliminary injunction factors, including by showing that he would suffer irreparable harm if a follow-the-law injunction did not issue.

## LEGAL STANDARD

Expedited discovery under Rule 26(d), that is, discovery before a Rule 26(f) conference has occurred, is a departure from the normal course of litigation. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). The party seeking expedited discovery must show good cause for the deviation, and a court may consider "'the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (quoting *Merrill Lynch*, 194 F.R.D. at 624). In that analysis, courts may consider the following factors:

    (1) whether a preliminary injunction is pending;
    (2) the breadth of the discovery requests;
    (3) the purpose for requesting the expedited discovery;
    (4) the burden on the defendants to comply with the requests; and
    (5) how far in advance of the typical discovery process the request was made.

*Iglesias v. Fed. Bureau of Prisons*, No. 19 C 415, 2021 WL 4820429 (S.D. Ill. Oct. 15, 2021) (cleaned up).

## ARGUMENT

Acevedo has not justified his request for expedited discovery. He tries to rationalize his discovery requests as "bearing on the likelihood of Defendants' repeating the[ir] conduct." Dkt. 19 at 1. But that presumes that defendants violated his rights in the first place, by wrongly arresting him. As defendants explained in response to Acevedo's motion for preliminary prospective relief, this action "is premised on the unsupported, inaccurate assertion that he was arrested merely for using sound amplification." Dkt. 25 at 7. The undisputed video evidence confirms, however, that Acevedo "was arrested because of the amplifier's *volume*." *Id.* As defendants further explained, Sergeant Zatora correctly and repeatedly advised Acevedo of the sound amplification ordinance's requirements, even going so far as to retrieve a hard copy of the ordinance from the police station and give it to Acevedo. *Id.* at 4-5, 7-8. Acevedo does not need more evidence to confirm what his own evidence and the City's supplemental videos plainly show: he was arrested because Sergeant Zatora determined that the amplifier was too loud, in violation of MCC § 8-32-070. Because Acevedo's arrest, for violating the MCC, did not violate his constitutional or IRFRA rights, the Court should conclude that prospective relief—and any discovery that would bear on it—are unavailable to him.

Acevedo's motion for expedited discovery offers an inadequate, underdeveloped argument for deviating from the normal course of litigation. None of the factors guiding the Court's determination, *see Ibarra*, 816 F. Supp. 2d at 554, favors allowing expedited discovery.

As to the first factor of whether a preliminary injunction motion is pending, Acevedo filed that motion and asserted that the video evidence is all that this Court needs to decide it, for the video accurately portrays the incident at the Planned Parenthood. *See* Dkt. 4, ¶ 18. Courts have denied expedited discovery requests where the evidence is not necessary for a plaintiff to prepare and brief its preliminary injunction motion. *See, e.g.*, *Gecko Robotics, Inc. v. Summit*

4

*NDE, LLC*, No. 23 C 229, 2023 WL 4635971, at *2 (N.D. Ind. July 20, 2023) ("[Plaintiff] has not demonstrated a persuasive basis for expedited discovery, particularly when [it] claims it already 'has compelling evidence that Defendants are taking actions to misappropriate [its] trade secrets and interfere with . . . customer relationships.'"); *In re Clearview AI, Inc., Consumer Priv. Litig.*, No. 21 C 135, 2021 WL 5862494, at *3 (N.D. Ill. May 6, 2021) ("Plaintiffs clearly did not need expedited discovery to file their motion and brief in support even knowing that the burden of demonstrating the likelihood of success on the merits rests with them."). That Acevedo already filed a motion and conceded that video evidence is sufficient to decide it (and defendants agree that it is) weighs against allowing expedited discovery.

Further, as explained in defendants' response to the motion for preliminary prospective relief, because the video evidence shows that MCC § 8-32-070 was properly enforced, Acevedo fails to show a past violation of his First Amendment or IRFRA rights, on which he can ground his request to enjoin potential future violations. Dkt. 25 at 10-20. Acevedo therefore lacks standing to seek prospective relief, and the requested discovery would not help him obtain an injunction ordering defendants to follow MCC § 8-32-070 in the future.

Regarding the second factor, the breadth of the discovery requests, Acevedo's requests are unreasonably broad and open-ended, exceeding the scope of issues presented in his motion for preliminary prospective relief. Acevedo's single-paragraph argument on this point states, "The scope of the desired discovery here is limited to evidence of why the police arrested Plaintiff for use of amplification despite their knowledge that limited amplification was allowed by ordinance, and to policies concerning CPD officers' enforcement action decisions for expressive conduct near the location where Plaintiff was arrested." Dkt. 19 at 2. But, again, Acevedo's own evidence plainly shows why Sergeant Zatora arrested him: the *volume* of the amplifier. Moreover, Acevedo fails to plead a basis for municipal liability under Section 1983, so

5

there is no basis for broad discovery against the City. Acevedo also fails to explain why the breadth of his requests, which appear to include enforcement actions unrelated to the sound amplification ordinance, are justified, especially given the clarity of the available video evidence.

On the third factor, the purpose of the requested discovery, Acevedo fails to provide an adequate explanation. He claims that he needs expedited discovery "to examine evidence bearing on the likelihood the Defendants will again arrest [him] for the same conduct, namely speaking over an amplifier at 1201 N. LaSalle Drive within the ordinance-prescribed volume limits without a permit." Dkt. 19 at 2-3. Again, this is premised on his incorrect belief that the amplifier was within volume limits and the officers were mistaken in their understanding of MCC § 8-32-070. The available video evidence of the incident confirms, however, that Sergeant Zatora accurately informed Acevedo of MCC § 8-32-070's requirements, and the loud volume was the reason for his arrest. There also is no purpose for issuing broad discovery against the City, because the only involvement from the City is its passage of MCC § 8-32-070, which Acevedo does not challenge on its face and instead merely wants enforced as written.

As to the fourth factor, the burden on defendants of locating, reviewing, and producing documents and scheduling and preparing for two depositions is not outweighed by any possible value of such evidence to the Court in deciding Acevedo's entitlement to prospective relief. Again, the available evidence does not show a past violation of Acevedo's rights; it shows that he was arrested for continuing to use sound amplification at a loud volume, in violation of MCC § 8-32-070. That means there is no basis for the Court to order prospective relief to prevent a future injury. The requested discovery would not assist the Court in deciding whether to issue a broad, vague follow-the-law injunction that merely declares that MCC § 8-32-070 states what it states and that the City is to comply with the law.

The last factor, timing of the discovery request, also does not support allowing expedited discovery. Acevedo filed a motion for preliminary prospective relief in which he assured the Court and defendants that all that was needed to decide the motion was the verified complaint and video evidence. Defendants have already responded, agreeing that the video evidence is all that is needed to resolve the issues raised in the motion, and Acevedo's reply is due next week. In short, the parties will have already exchanged their arguments and evidence before any expedited discovery could even be produced. *See In re Clearview AI, Inc., Consumer Priv. Litig.*, 2021 WL 5862494, at *3 ("Expecting . . . Defendants to respond to such voluminous requests on an expedited basis, after the briefing process on the motion for preliminary injunction has begun and almost concluded, is unfair and burdensome."). Defendants also have indicated that they intend to file a motion to dismiss this case in its entirety, which further undermines the need for expedited discovery.

## CONCLUSION

For these reasons, this Court should deny Acevedo's motion for limited expedited discovery and grant such further relief as it deems necessary and just.

Date:  January 31, 2025                                                                 Respectfully submitted,

ELLEN W. MCLAUGHLIN (IL 6304292)                    MARY B. RICHARDSON-LOWRY,
AARON T. DOZEMAN (IL 6308909)                         Corporation Counsel for
City of Chicago, Department of Law                           the City of Chicago
Constitutional and Commercial
 Litigation Division                                                       By:     s/ Aaron T. Dozeman
2 North Lasalle Street, Suite 520                                         Assistant Corporation Counsel
Chicago, Illinois 60602
(312) 742-5147 / (312) 744-9018
Aaron.Dozeman1@cityofchicago.org

*Attorneys for Defendants*