#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF ILLINOIS
#### EASTERN DIVISION

| | |
|---|---|
| ETHAN ACEVEDO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SERGEANT TOMASZ ZATORA, in his ) <br> individual capacity, and the CITY OF ) <br> CHICAGO, an Illinois municipal ) <br> corporation, ) <br> ) <br> Defendants. ) | No. 24 C 12654 <br><br> Hon. Georgia Alexakis |

### **DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS**

Defendants City of Chicago and Sergeant Tomasz Zatora respectfully move the Court for an order dismissing Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Defendants incorporate their accompanying memorandum of law and state as follows:

1. Plaintiff Ethan Acevedo was arrested for violating the City's sound amplification ordinance, Municipal Code of Chicago, Ill. ("MCC") § 8-32-070, and the City's disorderly conduct ordinance, MCC § 8-4-010(e), when he refused to stop using an amplifier while protesting at the Planned Parenthood clinic at La Salle Drive and Division Street in March 2024.

2. Acevedo seeks equitable relief and damages under 42 U.S.C. § 1983 for alleged First Amendment violations (count I); false arrest in violation of the Fourth Amendment (count III); and retaliatory arrest in violation of the First and Fourth Amendments (count IV). He also asserts a supplemental state-law claim under the Illinois Religious Freedom Restoration Act ("IRFRA"), 775 ILCS 35/1 *et seq.* (count II).

3. Acevedo's claims against the City should be dismissed because he has not alleged a basis for municipal liability, as required under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

4. Count I should be dismissed because Acevedo has not shown that defendants improperly enforced the sound amplification ordinance against him, let alone violated his First Amendment rights by preventing him from broadcasting on the public way near a health clinic, and Sergeant Zatora is entitled to qualified immunity.

5. Count III should be dismissed because there was probable cause for Acevedo's arrest, and Sergeant Zatora was at minimum reasonable in thinking there was, and is thus entitled to qualified immunity.

6. Count IV should be dismissed because Acevedo was not arrested in retaliation for protected conduct, but because he violated the MCC.

7. Count II should be dismissed because Acevedo identifies no substantial burden on his religious exercise, as IRFRA claims require, and the Illinois Tort Immunity Act bars his state-law damages claim.

WHEREFORE, for the reasons above and in the accompanying memorandum of law, the Court should grant Defendants' Motion and dismiss the Complaint under Rule 12(b)(6) with prejudice.

Date: March 4, 2025                              Respectfully submitted,

| | |
|---|---|
| ELLEN W. MCLAUGHLIN<br>City of Chicago Department of Law<br>Constitutional and Commercial<br> Litigation Division<br>ERIC SEELEMAN<br>City of Chicago Department of Law<br>Federal Civil Rights Litigation Division<br>2 North LaSalle Street, Suite 520<br>Chicago, Illinois 60602 | MARY B. RICHARDSON-LOWRY,<br>Corporation Counsel for<br> the City of Chicago<br><br>By:   /s/ Ellen W. McLaughlin<br>      Chief Assistant Corporation Counsel |

(312) 742-5147 / 742-3902
Ellen.McLaughlin@cityofchicago.org
Eric.Seeleman@cityofchicago.org
*Attorneys for the City of Chicago and*
*Sergeant Tomasz Zatora*