IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ETHAN ACEVEDO, <br>                 Plaintiff, <br> v. <br><br> SERGEANT TOMASZ ZATORA, in his individual capacity, and the CITY OF CHICAGO, an Illinois municipal corporation, <br>                 Defendants. | ) <br> ) <br> ) <br> ) No. 24 C 12654 <br> ) <br> ) Hon. Georgia Alexakis <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF RELATED CASE**

On March 21, 2025, Plaintiff filed a notice of a possibly "related case," *Raio et al. v. City of Chicago et al.*, No. 25 CV 2709, filed March 14, 2025. Dkt. 50. The Court requested Defendants' position on the question of reassignment on relatedness grounds. Dkt. 53. Defendants accordingly state as follows:

    1.    The *Raio* plaintiffs were cited for violating the Chicago Municipal Code by using sound amplification while engaging in street preaching near Millenium Park in Chicago, in December 2024 and February 2025. Their seven-count complaint alleges violations of their rights under the First Amendment's Free Speech and Free Exercise clauses, the Fourteenth Amendment's Due Process and Equal Protection clauses, and the Illinois Religious Freedom Restoration Act. They also allege claims of False Arrest, in violation of the Fourth Amendment, and Retaliatory Arrest, in violation of the First and Fourth Amendments.

    2.    This Court enjoys sound discretion whether to reassign a case under Local Rule 40.4. *Donahue v. Elgin Riverboat Resort*, No. 04 C 816, 2004 WL 2495642, at *1 (N.D. Ill. Sept. 28, 2004). A case may be reassigned as related to same docket as an earlier-numbered case if *one* of the conditions of Local Rule 40.4(a) are met and *all* the criteria of Local Rule 40.4(b) are met.

1

3. Here, Local Rule 40.4(a)(2) is satisfied because "the cases involve some of the same issues of fact or law." Plaintiffs in both cases contend that the City misapplied the sound amplification ordinance to their use of an amplifier on the public way. (Indeed, the *Raio* plaintiffs appear to have used the *Acevedo* complaint as a template for some of their allegations.)

4. But each Local Rule 40.4(b) criterion is not satisfied. Rule 40.4(b)(4) is not satisfied because the cases are not "susceptible of disposition in a single proceeding." Particularly with respect to the false arrest claims, each plaintiff's claim rests on unique facts and will have to be separately litigated to determine if there was probable cause, or arguable probable cause, to cite that individual for a Code violation.

5. Rule 40.4(b)(3) may not be satisfied either. It provides, "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially." Here, the *Acevedo* defendants moved to dismiss on March 4, 2025. The *Raio* complaint was received by the City of Chicago Department of Law on March 20, 2025. The individual defendant officers have not yet been served, however. The City therefore intends to seek an extension of time to respond to the complaint. Thus, reassignment of *Raio* might delay the proceedings in *Acevedo*.

Date:   April 7, 2025                                              Respectfully submitted,

ELLEN W. MCLAUGHLIN                          MARY B. RICHARDSON-LOWRY,
ERIC SEELEMAN                                        Corporation Counsel for
City of Chicago, Department of Law                    the City of Chicago
2 North Lasalle Street, Suite 520/420
Chicago, Illinois 60602                                     By:    /s/ *Ellen W. McLaughlin*
(312) 742-5147/3902                                                Chief Assistant Corporation Counsel
ellen.mclaughlin@cityofchicago.org
eric.seeleman@cityofchicago.org
*Attorneys for Defendants*

2